**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 16-4513**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TEOFILO SALINAS CERVIN, a/k/a Enrique Sandoval Arizmendi,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:16-cr-00020-RLV-DSC-1)

―――――――――

Submitted:  May 22, 2017                    Decided:  September 1, 2017

―――――――――

Before TRAXLER, DUNCAN, and DIAZ, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Teofilo Salinas Cervin pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). The district court sentenced Cervin at the low end of his advisory Sentencing Guidelines range to 210 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the sentence imposed was reasonable and whether plea counsel was ineffective. Cervin was notified of his right to file a pro se brief but has not done so. We affirm.

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This entails review of the procedural and substantive reasonableness of the sentence. *Id.* at 51. "Procedural errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 51). Only if the sentence is free of "significant procedural error" do we review its substantive reasonableness, accounting for "the totality of the circumstances." *Gall*, 552 U.S. at 51. Any sentence within a properly calculated Guidelines range is presumptively substantively reasonable; this presumption is rebutted

2

only "by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Dowell*, 771 F.3d 162, 176 (4th Cir. 2014).

Our review of the record confirms that the sentence imposed was both procedurally and substantively reasonable. The district court properly calculated the Guidelines range, allowed counsel an adequate opportunity to argue on Cervin's behalf, and afforded Cervin his right to allocute. The district court considered the § 3553(a) factors and explained that the chosen sentence was based on the need to protect the public and to provide just punishment. The court considered the fact that Cervin received the benefit of the dismissal of an 18 U.S.C. § 924(c) (2012) charge and observed that Cervin was a principal supplier in the conspiracy. As to the substantive reasonableness of the sentence, the record does not reveal any factors that would overcome the presumption of reasonableness afforded the within-Guidelines sentence.

Cervin's claim of ineffective assistance of counsel is only cognizable on direct appeal if it conclusively appears on the record that counsel was ineffective. *United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012) in order to permit sufficient development of the record. *United States v. Baptiste,* 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record here does not conclusively establish ineffective assistance of counsel, this claim should be raised, if at all, in a § 2255 motion.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Cervin's conviction

3

and sentence and, because Cervin fails to establish good cause to place his appeal in abeyance, we deny his pro se motion to place his appeal in abeyance pending the outcome of his § 2255 motion. This court requires that counsel inform Cervin, in writing, of the right to petition the Supreme Court of the United States for further review. If Cervin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cervin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*